# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIAM PAVLOFF,

        Plaintiff,

    v.                                    CV 07-0625 MCA/WPL

CHRISTINE J. SALAZAR-ARP,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On April 11, 2008, I filed an Order construing Plaintiff's Retaliation Complaint (Doc. 13) as a Motion for Leave to File a Supplemental Complaint. (Doc. 19.) For the reasons set forth below, I recommend that Plaintiff's Motion for Leave to File a Supplemental Complaint be granted.

Plaintiff's Motion for Leave to File a Supplemental Complaint alleges two events giving rise to his new claims. First, Plaintiff alleges that Defendant Christine J. Salazar-Arp extended his release date in retaliation for Plaintiff's filing his original Complaint against Defendant. (Doc. 13 at 2.) Second, Plaintiff alleges that an individual named Hermin Gonzales physically and verbally assaulted him in retaliation for Plaintiff's filing of his original Complaint. (Doc. 13 at 3-4.)

Rule 15 of the Federal Rules of Civil Procedure provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). "Rule 15(d) gives the trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events." *Walker v. UPS*, 240 F.3d 1268, 1278 (10th Cir. 2001). "As a general matter, the standard used by courts in

deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." *Fowler v. Hodge*, 94 F. App'x 710, 714 (10th Cir. 2004) (unpublished) (internal quotation marks omitted). "In either case, the district court exercises its sound discretion in deciding whether such considerations as delay and relative prejudice favor or disfavor augmentation of the case with the new allegations." *Id.* Leave may be denied because of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. County Sch. Bd. of Prince Edward County*, 377 U.S. 218, 227 (1964); *see also* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504 (2d ed. 1990) (noting that under Rule 15(d) courts permit litigants to "supplement their original pleadings to include new parties when events make it necessary to do so").

In light of the allegations raised in his Motion, I conclude that Plaintiff should be granted leave to file a supplemental complaint. As an initial matter, the allegations raised in Plaintiff's Motion provide facts from which a retaliatory motive may be inferred. A prisoner states a cause of action for retaliatory treatment if the complaint alleges "'a chronology of events from which retaliation may be inferred.'" *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 1999) (quoting *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)). Plaintiff's Motion alleges that Defendant Salazar-Arp extended his release date on several occasions after he filed his original Complaint. Such allegations provide a factual basis on which retaliation could be inferred. Plaintiff filed his original Complaint on June 28, 2007. (Doc. 1.) Defendant was not served with the Complaint, however, until the end of October of

2007. (Doc. 8.) Although Plaintiff provides no indication of when his release date was first changed, his Motion suggests, at a minimum, that the release date was changed following the filing of his original Complaint. Plaintiff's Motion, therefore, provides "'a chronology of events from which retaliation may be inferred.'" *DeWalt*, 224 F.3d at 618 (quoting *Black*, 22 F.3d at 1399).

Similarly, Plaintiff's Motion indicates that Gonzales's alleged actions against Plaintiff occurred following Plaintiff's filing of his original Complaint. (Doc. 13 at 3.) Moreover, Plaintiff alleges that Gonzales referred to Plaintiff's access to the library and interferes with Plaintiff's legal material. Such allegations suggest Gonzales's awareness of Plaintiff's original Complaint. From the chronology of events set forth in Plaintiff's Motion, along with allegations indicating Gonzales's awareness of Plaintiff's Complaint, a reasonable factfinder could infer the presence of a retaliatory motive. *See Tobin v. Rell*, No. 3:05CV1079, 2007 U.S. Dist. LEXIS 36766, at *7 (D. Conn. May 18, 2007) ("The plaintiff has asserted that the prison officials made statements that could be construed by a jury as indicating that the new defendants had knowledge of the plaintiff's lawsuit and [were] punishing him in retaliation.").

Permitting Plaintiff to supplement his pleadings avoids undue delay and does not cause prejudice to the opposing party. *See Walker*, 240 F.3d at 1278 (observing that the authorization to supplement pleadings "'should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants.'" (quoting *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989))); *Salt Lake Tribune Publ'g Co., LLC v. MediaNews Group, Inc.*, Nos. 2:03-CV000565, 2:00-CV000936, 2007 U.S.Dist. LEXIS 54463, at *24 (D. Utah July 26, 2007) (noting that in permitting supplemental pleadings, "the courts reason that where the supplemental pleading relates to the same underlying allegations, the supplemental pleading will prevent the delay that would otherwise be

3

caused by having to initiate a new suit on the new facts"). Allowing Plaintiff to supplement his pleadings avoids any delay that may occur if Plaintiff were required to file a new suit. Moreover, granting Plaintiff's Motion does not cause any undue prejudice to the Defendant.

For the reasons set forth above, I recommend that Plaintiff's Motion for Leave to File Supplemental Complaint be granted.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*/s/ William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE